IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**GILBERT GOODSON,**

                  **Plaintiff,**

                                              CIVIL ACTION
     **vs.**                                                  No. 05-3153-GTV

**OFFICER COURTNEY, et al.,**

                  **Defendants.**

<u>**ORDER**</u>

    Plaintiff proceeds pro se on a complaint filed under 42 U.S.C. 1983. Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $250.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. 1915(b)(2).

    Plaintiff is a prisoner incarcerated in the El Dorado Correctional Facility (EDCF) in El Dorado, Kansas. He seeks damages, declaratory, and injunctive relief on a claim that he was subjected to the unlawful use of excessive force by EDCF defendants on December 29, 2004. Having reviewed plaintiff's allegations, it appears the proper and judicial processing of plaintiff's claims cannot be achieved without additional information from appropriate officials of the Department of Corrections of the State of Kansas. <u>See</u> <u>Martinez v. Aaron</u>, 570 F.2d 317 (10th Cir. 1978). <u>See also</u> <u>Hall v. Bellmon</u>, 935 F.2d 1106 (10th Cir. 1991).

Plaintiff's motion for appointment of counsel (Doc. 4) is denied without prejudice. The court has considered the complexity of the issues raised and plaintiff's ability to state his claims, and concludes appointment of counsel is not warranted in this matter at this time. See Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991)(stating factors to be considered in deciding motion for appointment of counsel).

Plaintiff's motion for a preliminary injunction (Doc. 8), for protection from future retaliation by defendants, is denied. Because a preliminary injunction is an extraordinary remedy, see GTE Corp. v. Williams, 731 F.2d 676, 678 (10th Cir. 1984), the right to relief must be clear an unequivocal. See Penn v. San Juan Hospital, Inc., 528 F.2d 1181, 1185 (10th Cir. 1975). No such showing has been made in this case, where plaintiff does not persuasively identify any irreparable injury he might suffer in the absence of the relief sought, and the actions he seeks to deter involve speculative actions for which plaintiff provides no factual support.

IT IS, THEREFORE, BY THE COURT ORDERED that:

(1) Leave to proceed in forma pauperis is granted.

(2) The clerk of the court shall prepare summons and waiver of service forms for all defendants pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs. The report required herein shall be filed no later than sixty (60) days from the date of this order, and the answer shall be filed within twenty (20) days following the receipt fo that

report by counsel for defendants.

(3) Officials responsible for the operation of El Dorado Correctional Facility are directed to undertake a review of the subject matter of the complaint:

(a) to ascertain the facts and circumstances;

(b) to consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint;

(c) to determine whether other like complaints, whether pending in this court or elsewhere, are related to this complaint and should be considered together.

(4) Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendants' answer or response to the complaint.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.

(5) Authorization is granted to the officials of the Kansas Department of Corrections to interview all witnesses having knowledge of the facts, including the plaintiff.

(6) No answer or motion addressed to the complaint shall be filed without leave of the court until the <u>Martinez</u> report has been prepared.

(7) Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendants' answer or response to the complaint and the report requested herein.  This action is exempted from the requirements imposed under

Fed.R.Civ.P. 26(a) and 26(f).

IT IS FURTHER ORDERED that plaintiff's motion for a preliminary injunction (Doc. 8) is denied, and that plaintiff's motion for appointment of counsel (Doc. 4) is denied without prejudice.

IT IS FURTHER ORDERED the clerk of the court shall enter the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing the <u>Martinez</u> report ordered herein.  Upon the filing of that report, the Department of Corrections may move for termination from this action.

IT IS FURTHER ORDERED that the screening process under 28 U.S.C. 1915A having been completed, this matter is returned to the clerk of the court for random reassignment pursuant to D. Kan. R. 40.1.

The clerk of the court shall transmit copies of this order to plaintiff, to defendants, to the Secretary of Corrections of Kansas, to the Attorney General of the State of Kansas, and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

Dated at Kansas City, Kansas, this 25th day of May 2005.


<u>/s/ G. T. VanBebber</u>
G. T. VANBEBBER
United States Senior District Judge

4