IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GILBERT GOODSON,

        Plaintiff,

vs.                                      Case No. 05-3153-JTM

(FNU) CORNEY, et al.,

        Defendants.

MEMORANDUM AND ORDER

      This is an action subject to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e). The matter is before the court on competing motions. Pro se plaintiff, Gilbert Goodson, has moved for an entry of default, (Dkt. No. 36) contending that the defendants had failed to answer or otherwise plead before the August 24, 2005 deadline fixed by the court. Defendants have responded by correctly pointing out that the relevant order of the court issued by Judge Van Bebber in fact directed defendants to file their response to the complaint 20 days *after* the completion of the Martinez Report, which was filed August 24, 2005. (Dkt. No. 11). The court finds no basis for finding default by defendants.

      The defendants' motion to dismiss is premised on the failure of Goodson to exhaust his administrative remedies as to either defendants McGuire or Hemerick. Plaintiff Goodson acknowledges, in a "Traverse" filed in response to the motion to dismiss, that there was no exhaustion of remedies as to McGuire, and suggests that the action against McGuire be dismissed.

(Dkt. No. 42). However, in a Supplement to the Traverse, Goodson argues that all of the claims should proceed because exhaustion should not be required.

The court hereby grants defendants' Motion to Dismiss. Goodson's suggestion that exhaustion need not occur is without merit. Defendants correctly note that the PLRA contains a requirement of "total exhaustion" of administrative remedies — the PLRA "requires inmates to exhaust fully all of their claims before filing in federal court." *Ross v. County of Bernalillo*, 365 F.3d 1181, 1190 (10th Cir. 2004). Plaintiff has failed to show how further administrative remedies would have been devoid of any kind of relief. Accordingly, pursuant to *Ross*, the PLRA requires dismissal of all claims without prejudice.

IT IS ACCORDINGLY ORDERED this 2d day of February, 2006, that the defendants' Motion to Dismiss (Dkt. No. 40) is granted; plaintiff's Motion for Default (Dkt. No. 36) is denied.

                                                   s/ J. Thomas Marten
                                                   J. THOMAS MARTEN, JUDGE